# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CINQUE BRANDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-350-ACL |
| | ) | |
| JOHN T. BIRD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on a document filed by plaintiff Cinque Brandon that has been construed as a motion to proceed without an inmate account statement, and a motion to appoint counsel. (Docket No. 3).

With regard to the motion to appoint counsel, the Court notes that a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. In particular, the Court is not convinced that plaintiff has stated a non-

frivolous claim, or that plaintiff or the Court will benefit from the assistance of counsel. The Court will entertain future motions for appointment of counsel as the case progresses.

As to the motion for leave to proceed without an inmate account statement, the Court has determined that the motion is premature. Specifically, plaintiff has not yet filed a motion for leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(1) (providing that the Court may authorize the commencement of a civil action without prepayment of the fees "by a person who submits an affidavit that includes a statement…that the person is unable to pay such fees"). The Court will direct the Clerk of Court to send to plaintiff a copy of the Court's motion for leave to proceed in forma pauperis form. Plaintiff shall have thirty days to file the motion or pay the filing fee. If plaintiff fails to comply, this action will be dismissed without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's motion for leave to proceed in forma pauperis form.

**IT IS FURTHER ORDERED** that plaintiff shall either file a motion for leave to proceed in forma pauperis or pay the full filing fee within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to either file a motion for leave to proceed in forma pauperis or pay the full filing fee within **thirty (30) days**, this action will be dismissed without prejudice and without further notice.

Dated this 19th day of April, 2021.

                                                s/*Abbie Crites-Leoni*
                                                ABBIE CRITES-LEONI
                                                UNITED STATES MAGISTRATE JUDGE